UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ELTON THOMAS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 07-6198** |
| **BURL CAIN, WARDEN** | **SECTION "S"(4)** |

## O R D E R

The Court, having considered the complaint, the record, the applicable law, the Report and Recommendation of the United States Magistrate Judge, and the petitioner's objection to the Magistrate Judge's Report and Recommendation, hereby approves the Report and Recommendation of the United States Magistrate Judge and adopts it as its opinion in this matter.

Petitioner argues that his appellate counsel on direct appeal in the state court provided him with ineffective assistance of counsel because she failed to raise an issue with respect to the effectiveness of petitioner's trial counsel. Petitioner contends that his trial counsel provided him with ineffective assistance of counsel because trial counsel did not object to the use of petitioner's 1986 guilty plea as the basis for the multiple bill in which petitioner was charged as a multiple offender. Petitioner argues that the 1986 guilty plea was invalid because the presiding judge did not obtain nor recite a factual basis for the charged offense on the record at the plea hearing.

Under Louisiana law, "[t]here is no requirement that a guilty plea be accompanied by the recitation of a factual basis for the crime." State v. Yates, 940 So.2d 147, 150 (La. Ct. App. 2006)

(citing State v. Wynne, 926 So.2d 358 (La. Ct. App. 1993), writ denied, 643 So.2d 157 (La. 1994)). Further, the due process clause of the Constitution of the United States does not impose a "constitutional duty on state trial judges to ascertain a factual basis prior to accepting a guilty plea . . . Louisiana law, unlike [federal law] has no statutory provision requiring accompaniment of a guilty plea by the recitation of a factual basis." Id. However, a state trial judge must find a significant factual basis for a defendant's guilty plea if the defendant proclaims his innocence or if the judge is otherwise put on notice that there is a need for an inquiry into the factual basis. Id. (citing State v. Brooks, 882 So. 2d 724, 730 (La. Ct. App. 2004), writ denied 896 So.2d 30 (La. 2005).

The record reflects that petitioner did not proclaim his innocence in connection with the 1986 guilty plea. Further, the petitioner acknowledged each of the rights that he was waiving by entering the plea, including his right to trial and to appeal, the right to confront his accusers, the right to compulsory process, the right to remain silent, and the right to appointed counsel for trial. He also confirmed the he was not coerced into pleading guilty. Therefore, the judge who presided over petitioner 1986 guilty plea was not put notice that there was a need for an inquiry into the factual basis.

Therefore,

**IT IS ORDERED** that Elton Thomas's petition for issuance of a writ of habeas corpus, pursuant to 28 U.S.C. § 2254 is **DENIED** and **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this ____31st____ day of _____January_____, 2011.

_____
**UNITED STATES DISTRICT JUDGE**

2